IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00324-RBJ

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. LEVI JOHN ROBERTS,

  Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Competency Hearing held before the undersigned on October 16, 2019, to determine Defendant Levi John Roberts' competency to proceed in this criminal case. Based on the following, the Court **recommends** that Defendant is competent to proceed.

Having judicially noticed all relevant adjudicative facts in the file and record, having considered Defendant's non-objection at the hearing to a finding of competency for purposes of proceeding with the criminal case against him, and having considered the Forensic Evaluation [#24] filed under seal on September 19, 2019, the Court enters the following findings of fact, as supported by a preponderance of the evidence as required by 18 U.S.C. § 4241(d), and conclusions of law.

**I. Findings of Fact and Conclusions of Law**

1.  The determination of the mental competency of a defendant in a criminal case is

governed by 18 U.S.C. § 4241.

2. Pursuant to 18 U.S.C. § 4241(a), the Court shall order a hearing on its own motion to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

3. At Defendant's Initial Appearance on July 2, 2019, the Court sua sponte raised the issue of Defendant's competency. *See* [#4].

4. In the absence of objection from either party, the Court ordered a competency evaluation. *See id.*; *see also Order* [#5].

5. Pursuant to the July 2, 2019 Order [#5] and 18 U.S.C. § 4247(b), Lesli Johnson, Ph.D., a forensic psychologist, conducted a psychological examination of Defendant. *See* [#24].

6. On September 19, 2019, the Forensic Evaluation [#24] of Dr. Johnson was filed under seal.

7. The report included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). *See id.*

8. The Court approves, adopts, and incorporates Dr. Johnson's findings, diagnoses, and opinions.

9. The Court held a hearing pursuant to 18 U.S.C. § 4247(d) on October 16, 2019, at which Defendant appeared.

10. Defendant is not presently suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense.

11. Therefore, the Court finds that Defendant is presently competent to proceed.

12. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the Court's own sua sponte motion, see [#4], on July 2, 2019, to the date of the District Judge's order on this Recommendation, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

## II. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendant Levi John Roberts be declared competent to proceed.

IT IS FURTHER **RECOMMENDED** that, pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the Court's own sua sponte motion, see [#4], on July 2, 2019, to the date of the District Judge's order on this Recommendation, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Crim. P. 59(b)(2), the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, *see* Fed. R. Crim. P. 59(b)(3), and also waives appellate review of both factual and legal questions. *See* Fed. R. Crim. P. 59(b)(2).

Dated: October 16, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge